Christopher STONE, Plaintiff–Appellant,

v.

Arthur AGNOS, et al., Defendants–Appellees.

No. 91–15206.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1992.

Decided April 3, 1992.

---

Richard A. Canatella, San Francisco, Cal., for plaintiff-appellant.

G. Scott Emblidge, Deputy City Atty., San Francisco, Cal., for defendants-appellees.

Before: NOONAN, RYMER and TROTT, Circuit Judges.

NOONAN, Circuit Judge:

Christopher Stone brought an action against Arthur Agnos, Mayor of San Francisco; Frank Jordan, Chief of Police of San Francisco; and the City and County of San Francisco (the City) alleging that the defendants violated his constitutional rights by his arrest and confiscation of his property. The district court granted summary judgment for the defendants. We affirm.

## BACKGROUND

According to Stone's declaration, the following are the facts of the case:

Stone was a homeless person living on the streets of San Francisco, making a living as a street musician. In April 1990 he became "the Homeless Task Force Coordinator," i.e. an apparently self-appointed spokesman for homeless persons, speaking for six evenings in April on KGO TV in opposition to Mayor Agnos' homeless policy.

Stone lived in a tent at Civic Center Plaza, a public square owned by the city. One evening in April two San Francisco police officers seized his tent and took it away in a police vehicle. The officers told Stone that Mayor Agnos had "directed the immediate removal of tents of homeless people from the plaza."

On the morning of July 6, 1990, police arrived in force at the plaza and, pursuant to earlier notices, told the persons who slept in the plaza that they must leave it. Stone told the police that the shelters were full and there was no place to go. The police insisted he leave. When the media arrived he made a public statement in opposition to the mayor's homeless policy. He continued to refuse to leave. His personal property was then seized, including a guitar and case, bedding, clothes, toiletries, food preparation items, radio, cash, jewelry, books, and papers. He was also arrested and jailed for four days. "Much" of the property "was destroyed." The criminal case against him was later dismissed.

## THE SUIT

Stone sued the defendants alleging that Mayor Agnos and Chief Jordan "deliberate-

ly and intentionally conspired" to violate his right to privacy and to assemble, associate and express his views in support of the homeless in violation of the First Amendment to the United States Constitution; that these defendants also deliberately and intentionally conspired to violate his right to be secure in person and property against unreasonable seizure and arrest in violation of the Fourth Amendment; and that the defendants also deliberately and intentionally conspired to deprive him of liberty and property in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Stone alleged that this conspiracy, conducted under color of state law, violated 42 U.S.C. § 1983 (1988) and 42 U.S.C. § 1985 (1988). He also alleged violations of the California Constitution.

The defendants submitted the declaration of Police Captain Dennis Martel stating that he arrested Stone on July 6, 1990, after Stone had been advised four times to leave the Civic Center area and had over a period of 1½ hours refused to do so. Martel further declared that Stone's property had been confiscated but not destroyed. He further declared that he had made the decision to have Stone arrested and that "neither Mayor Agnos nor Chief Frank Jordan had any role in the decision to arrest Mr. Stone."

The district court granted summary judgment for the defendants. Stone appeals.

## ANALYSIS

Stone first argues that his arrest violated the First Amendment because it was a suppression of his right of free speech. He contends that his sleeping in the park as well as his communications to the media were expressions protected by the First Amendment; that his sleeping in a public place "dramatized" the plight of the homeless.

■ Stone appears to make two First Amendment claims: that he was arrested in retaliation for his speech, and that the expressiveness of his conduct renders the statute invalid as applied. As to the first,

Stone has produced not the slightest evidence that his arrest by Captain Martel was for any communication made by him or that his arrest was ordered by Mayor Agnos and Chief Jordan. Stone's continued presence in the plaza was a violation of California Penal Code § 647(i) (West 1988) which makes it a misdemeanor to lodge in any place, whether public or private, without the permission of the owner. As far as the record shows, Martel alone decided to arrest him for this crime.

■ Stone's as-applied attack relies on *Texas v. Johnson,* 491 U.S. 397, 402–04, 109 S.Ct. 2533, 2538–39, 105 L.Ed.2d 342 (1989). Although sleeping would seem to be the antithesis of speaking, we need not determine whether Stone's conduct was a form of expression. To meet *Johnson's* state-interest prong, Stone argues that the city's interest in maintaining its parks in attractive condition "is simply not implicated," *id.,* at 407, 109 S.Ct. at 2541, by unpermitted camping. This contention is wrong. *Clark v. Community for Creative Non-Violence,* 468 U.S. 288, 296, 104 S.Ct. 3065, 3070, 82 L.Ed.2d 221 (1984). The as-applied attack fails.

Second, Stone argues that his arrest was a violation of the Fourth Amendment. This argument supposes that he was arrested for exercising his right of free speech. The argument fails with his failure to produce evidence to substantiate his free speech claim and his failure to implicate either the mayor or the police chief.

■ Stone, additionally, contends that the destruction of his property violated the Fourteenth Amendment. Accepting for the purposes of summary judgment that much of his property was destroyed, we find no evidence that it was destroyed in violation of the Fourteenth Amendment. He asserts no facts showing that the police behaved unreasonably. To sustain the claim he must show that the taking of the property was unreasonable. Mere negligence of the police would not violate the due process clause, and he would have no federal claim for such negligence if it occurred. *Bergquist v. County of Cochise,*

806 F.2d 1364, 1369 (9th Cir.1986), *disapproved on other grounds, Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989). Nor does Stone make any showing whatsoever that the mayor or the police chief effected the destruction, which Stone concedes was contrary to city policy.

AFFIRMED.